Maria Teresa
**GARCIA–RUBIO, Plaintiff,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, United States Border Patrol, Luis Valderrama, United States Department of Justice, Defendants.**

Civ. No. 88–0514–GT(M).

United States District Court,
S.D. California.

Jan. 3, 1989.

As Changed Jan. 13, 1989.

Rory E. Perry, San Diego, Cal., for plaintiff.

Asst. U.S. Atty. Charles Hamilton, III, San Diego, Cal., for defendants.

## OPINION

GORDON THOMPSON, Jr., Chief Judge.

The plaintiff in this case challenges the Immigration and Naturalization Service's forfeiture of her vehicle. Jurisdiction is based on 28 U.S.C. § 1331. Before the court are cross-motions for summary judgment on the issue of whether the seizure

notice sent to plaintiff comports with procedural due process. Plaintiff contends that she was denied due process because the seizure notice did not inform her of her right to proceed *in forma pauperis* and challenge the forfeiture in district court without posting a bond. Prior motions have disposed of plaintiff's various other claims. There being no substantial questions of material fact at issue, the court finds the case ripe for summary judgment and hereby grants plaintiff's motion.

## FACTS

On December 19, 1987, plaintiff Maria Teresa Garcia–Rubio was traveling north on Interstate 5 with two passengers in her 1987 Mitsubishi pickup truck. Agents at the San Clemente Border Patrol checkpoint stopped the vehicle and determined that one of the passengers was a Mexican citizen illegally in the United States. Plaintiff maintains that the individual was a personal friend whom she believed to be legally entitled to live in the United States. The Border Patrol arrested plaintiff on suspicion of knowingly transporting an illegal alien and seized her vehicle. The government charged plaintiff with violating 8 U.S.C. § 1324(a)(1) and agreed to a deferred prosecution whereby the charge would be dropped if plaintiff violated no laws for the subsequent twelve months.

On January 4, 1988, the Immigration and Naturalization Service ("INS") sent plaintiff a notice of seizure regarding her vehicle. The notice set forth the reason for the seizure and notified the plaintiff that her vehicle might be subject to forfeiture. As for challenging the forfeiture, the notice stated:

> Any person desiring to place these matters in U.S. District Court in order to contest the probable cause for such seizure, must file with the Chief Patrol Agent ... a Claim & Cost Bond of 10% of the appraised value not to exceed $2500 or less than $250 with approved sureties on or before January 27, 1988. Otherwise, the property will be administratively forfeited pursuant to 8 U.S.C. § 1324(b) and will be disposed of according to law. Interested parties may file petitions for remission or mitigation of forfeiture ... without filing a Claim & Cost Bond.

Based on the INS's appraisal of plaintiff's vehicle, plaintiff would have been required to post $357.50 to secure judicial review of the seizure. The seizure notice failed to set forth any alternative means of obtaining judicial review if plaintiff was unable to afford the claim and cost bond. The INS attached to the notice copies of 8 U.S.C. § 1324 and the Customs Regulations at 8 C.F.R. §§ 274.1–.21.

Plaintiff claims she was unable to post the bond within the time period set forth in the seizure notice because she is poor. Her only other alternative was to petition the INS for mitigation. The INS denied her petition for mitigation and summarily forfeited the vehicle.

## DISCUSSION

### A. *Background*

Under 8 U.S.C. § 1324(b), the INS may seize a vehicle if there is probable cause to believe that the vehicle has been used in a violation of 8 U.S.C. § 1324(a). A violation of section 1324(a) occurs when a person transports an alien knowing or in reckless disregard of the fact that the alien entered or remains in the United States illegally. Once seized, the vehicle is subject to forfeiture pursuant to the INS Regulations at 8 C.F.R. §§ 274.1–.21 (mirroring the Customs forfeiture provisions at 19 U.S.C. §§ 1604–1618).

The Regulations provide for judicial review of the seizure if within 20 days of notice the owner files a claim with the INS and posts a cost bond in the amount of 10% of the vehicle's value. 8 C.F.R. § 274.10(a); *see* 19 U.S.C. § 1608. The INS may waive the bond requirement upon a showing that the owner is unable to pay the fee. 8 C.F.R. §§ 274.10(a), 103.7(c)(1). In the judicial proceeding, the INS must first establish probable cause to make the seizure. The burden then shifts to the owner to show that the vehicle should not be forfeited. 8 U.S.C. § 1324(b)(5). If the owner fails to file a claim and cost bond (or to

obtain a waiver of the bond requirement) within the 20 days, the INS may summarily forfeit the vehicle. 8 C.F.R. § 274.11; *see* 19 U.S.C. § 1609. Nevertheless, the INS has discretion to mitigate the forfeiture if it determines that returning the vehicle would promote the interests of justice and not diminish the deterrent effect of the Immigration and Nationality Act. 8 C.F.R. § 274.15.

## B. *Due Process*

The instant case raises the issue of whether due process requires express reference in the seizure notice to the owner's right to petition for a waiver if he is unable to afford a cost bond. This court finds that it does.

The seizure notice sent to plaintiff is defective because it failed to inform her that she could obtain judicial review without posting a bond upon a sufficient showing of poverty. Nowhere in the notice is there any reference made to a waiver. The notice simply states that to pursue his or her judicial remedy, the owner "must file" a claim and cost bond. This language is misleading because it leaves the incorrect impression that judicial review is unavailable if one cannot afford to post the bond.

The government makes much out of its routine of attaching to all seizure notices the pertinent statutory provisions and the regulations at 8 C.F.R. §§ 274.1–.21. This practice does not cure the defect in the notice, however. First, the materials are incomplete. Buried within 8 C.F.R. § 274.10(a) is the statement, "The regional commissioner may waive the bond requirement in the manner provided by waiver of fees in § 103.7(c)(1) of this chapter." Section 103.7(c)(1) is not included with the notice, however. Thus, the owner has no information as to the method for obtaining a waiver or even that the waiver has anything to do with indigency. Second, even assuming the attachment of section 103.-7(c)(1), the materials would be insufficient to inform a lay person of his rights. The government cannot assume that vehicle owners will be able to wade through the statutory language and understand it, par-

ticularly in the case of lower income individuals who often have little formal education. Nor can the government assume that the owner is going to immediately hire a lawyer to find out what the provisions mean. In the instant case, for example, the plaintiff apparently did not consult an attorney until the INS denied her petition for mitigation and the deadline for filing a claim had already passed.

The pivotal question before the court is whether this defect rises to the level of a due process violation. The government argues that *United States v. One 1971 BMW 4–Door Sedan,* 652 F.2d 817 (9th Cir.1981), disposes of the issue. The *BMW* case dealt with whether a vehicle owner had adequate notice of his right to petition for remission and mitigation. *Id.* In contrast with the instant case, the seizure notice in the *BMW* case explicitly informed the owner of his rights and all the relevant regulations were attached. *Id.* at 822. The government also cites *United States v. Eight Rhodesian Stone Statues,* 449 F.Supp. 193, 201 (C.D. Cal.1978) for the proposition that due process does not require notification of the right to pursue a waiver. As in the *BMW* case, however, *Eight Rhodesian Statues* deals with notification of the right to file a petition for mitigation and remission. The court was never faced with the issue of whether due process requires notice of the right to request waiver of the cost bond. *Eight Rhodesian Statues,* 449 F.Supp. at 202–203.

The balancing test of *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 898, 47 L.Ed.2d 18 (1976), applies to determine the dictates of due process in the context of a seizure notice. Under *Mathews,* determination of whether administrative procedures comport with due process requires consideration of three distinct factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of the interest through the procedures used and the probable value of additional or substitute procedural safeguards; and (3) the fiscal and administrative burdens that the additional procedural requirements would entail. *Id.* at 335, 96 S.Ct. at 898.

The *Mathews* factors decisively weigh in favor of a ruling that due process requires express reference in the seizure notice to the vehicle owner's right to petition for a waiver of the cost bond. First, the use of an automobile in our society is an important private interest which warrants a high degree of protection. The deprivation of one's personal transportation is a substantial hardship in a metropolitan area the size of San Diego, where the need to traverse great distances quickly and efficiently often makes public transportation an unrealistic, time-consuming alternative. Indeed, plaintiff indicated in her petition for mitigation that she particularly needs her vehicle because her two children require transportation to school and she must make occasional trips to the hospital for treatment of her pancreatitis.

Second, the risk of erroneous deprivation without a judicial hearing is significant in cases where the owner is unable to afford a bond and unaware of his ability to proceed *in forma pauperis*. The administrative procedures provided by the INS, such as an interview with an INS officer or petitioning for mitigation, simply do not afford the same protections as a judicial hearing or trial. INS officers cannot be characterized as "judicial officers" nor are they likely to be neutral. The vehicle seizure officer who denied plaintiff's petition for mitigation, for example, has stated that "We're very cynical about people, because people lie to us."[1] A vehicle owner undoubtedly would have a more difficult time persuading an INS officer than a judge or jury that his vehicle should not be forfeited. It is understandable that personnel charged with enforcing the laws would be less than impartial towards individuals they have apprehended on suspicion of violating those laws. Yet, it is for that very reason that due process requires the opportunity for postseizure judicial review in a forfeiture proceeding. It may well be that on the facts of this case plaintiff ultimately will not be able to meet her burden of showing that the vehicle should not be forfeited. Nevertheless, plaintiff is entitled to a judicial hearing where an impartial judicial officer or jury can make that determination.[2]

The third *Mathews* factor is the fiscal and administrative burden on the government of providing adequate notice. That burden would be minimal here. It would cost the INS almost nothing to amend its standard seizure notice so that it includes a clear statement indicating the availability of a waiver of the bond requirement if the claimant is unable to post the required amount.[3]

## C. *The Appropriate Remedy*

Plaintiff was denied procedural due process because she was not informed of her right to petition for waiver of the cost bond. She is not entitled to the return of her vehicle by virtue of this due process violation, however. The appropriate remedy for deprivation of a property interest without due process is to order the process that was due and any attendant damages which directly resulted from the failure to give the proper procedure. *Brady v. Geb-*

---

1. The quoted statement appears in Barfield, *INS Seizure Policy: deterrent or scam?*, San Diego Tribune, June 30, 1988, at A–8, Col. 1 (Exhibit 5 to Plaintiff's First Amended Complaint). The entire passage states: "Seizure officers say they have good reason to be skeptical. 'Everybody who comes forward feels they are an innocent owner,' said Luis Valderrama, who heads the San Diego Border Patrol sector's five-member seizures unit. 'Or if they're a registered driver, it's 'I didn't know they were illegal.' We're very cynical about people, because people lie to us. But not everybody.'"

2. The merits of whether plaintiff's vehicle should have been forfeited are not at issue here. The government's suggestion that the court should grant summary judgment upholding the forfeiture on the basis of the underlying facts is therefore unavailing.

3. The Drug Enforcement Administration's seizure notice includes the following language which would be appropriate for including in the INS notice: "If you are indigent (needy and poor) you may not have to post the bond. To request a waiver of the bond, you must fully disclose your finances in a signed statement called a 'Declaration in Support of Request to Proceed *In Forma Pauperis*' along with a claim of ownership of the property. Use the format of the *pauperis* declaration following Rule 48 of the Federal Rules of Appellate Procedure, or obtain a form from the DEA field office."

*bie,* 859 F.2d 1543, 1551 (9th Cir.1988) (citing *Vanelli v. Reynolds School Dist. No. 7,* 667 F.2d 773, 778 n. 8 (9th Cir.1982); *Carey v. Piphus,* 435 U.S. 247, 259–64, 98 S.Ct. 1042, 1050–52, 55 L.Ed.2d 252 (1978)).

The process due plaintiff is the opportunity to petition for a waiver of the cost bond. If the INS grants the waiver, then plaintiff is entitled to file a claim for her vehicle. It is too early to determine whether plaintiff has suffered any damages as a result of the procedural defect in this case. Her vehicle has already been forfeited. If a judge or jury subsequently finds that plaintiff's vehicle should not have been forfeited, plaintiff could then seek appropriate damages. Plaintiff thus has 20 days from the date of this order to file a claim and apply for a waiver of the cost bond.

IT IS SO ORDERED.